**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

P.A. SMITH CONCEPTS & DESIGNS, INC.,
a New Mexico corporation, PAUL A. SMITH,
and LINDA K. SMITH,

Plaintiffs,

v. Civ. No. 05-0136 JH/ACT

FREDERIC R. BRADSHAW, PROFESSIONAL
PROJECT MANAGEMENT SERVICES, INC.,
a New Mexico corporation, and ALL KNOWN
PERSONS ACTING IN CONCERT THEREWITH,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Amended Motion to Intervene* [Doc. No. 20] filed by Evanston Insurance Company ("Evanston"). The issue presented by the motion is whether an insurer should be permitted to intervene in litigation among various insureds who all claim to have a right to coverage under the insurer's policy for the claims and counterclaims against them, when the insurer seeks a declaration that it owes those parties neither a duty to defend nor coverage under the policy. Having reviewed the law and the arguments contained in the briefs filed by counsel, the Court finds that under the facts of this case, the motion should be granted.

## FACTS

This lawsuit arises from a commercial dispute between Plaintiffs P.A. Smith Concepts & Designs, Inc. ("Smith Concepts"), Paul Smith and Linda Smith ("the Smiths"), and Defendants Frederic Bradshaw ("Bradshaw") and Professional Project Management Services, Inc. ("PPMS"). Bradshaw is a former employee, officer, and shareholder of Smith Concepts, which is in the business

of providing project management services and training. Plaintiffs filed their original complaint on February 28, 2005. In their amended complaint filed on June 30, 2005, the Plaintiffs accuse Bradshaw of improperly copying and using proprietary business materials belonging to Smith Concepts in order to further his own interests and those of PPMS, which is apparently a competing business founded by Bradshaw around the time he left his employment of Smith Concepts. The Plaintiffs have asserted claims against all defendants for violation of the federal Copyright Act and civil conspiracy, and against Bradshaw for defamation, breach of employment agreement. In turn, Bradshaw and PPMS have counterclaimed for breach of shareholder's agreement, breach of common law fiduciary duty, breach of fiduciary duty under ERISA, and declaratory judgment.

On June 6, 2005, Evanston filed its motion to intervene, which it amended on June 16, 2005. In that motion, Evanston seeks leave to file its complaint in intervention (attached to the motion), wherein it alleges that on October 2, 2004, it issued a liability insurance policy to Smith Concepts. According to Evanston, Bradshaw has demanded that Evanston defend and indemnify him with regard to Plaintiffs' claims against him, arguing that he is an additional insured under the policy. Proposed Complaint in Intervention at ¶ 8. Similarly, Plaintiffs have claimed that they are covered under the policy for Defendants' counterclaims, and they too have demanded a defense and indemnification. Id. at ¶ 10. Evanston has agreed to defend Bradshaw under a reservation of rights pending a determination as to whether the policy entitles him to coverage.[1] Id. at ¶ 9. Evanston contends that the policy does not provide coverage to Smith Concepts, the Smiths, or to Bradshaw for any claim in this litigation. Id. at ¶ ¶ 12-19. As a result, Evanston seeks a declaratory judgment

[1]Although the pleadings are somewhat unclear, it does not appear that Evanston is currently providing a defense to Smith Concepts or to the Smiths.

stating that none of the parties are entitled to insurance coverage under the policy for the claims asserted against them and that Evanston is entitled to recoup from Bradshaw all amounts it has paid to defend him in this case. Bradshaw opposes Evanston's motion to intervene, while the Plaintiffs have taken no position on the motion.

**DISCUSSION**

Evanston argues that it is entitled to intervene in this case so that it may protect its interests by seeking a declaration that its policy does not provide coverage to any party for any claim asserted in this case. Intervention under Rule 24 of the Federal Rules of Civil Procedure may, upon timely application, be either as of right or permissive. Fed. R. Civ. P. 24. In this case, Bradshaw does not deny that Evanston has acted in a timely manner in seeking to intervene in the lawsuit just four months after it was originally filed. The parties are still conducting discovery and have not yet filed dispositive motions. Thus, the Court finds Evanston's motion to be timely and will focus on the remaining factors enumerated in the rule.

When seeking intervention as of right, a prospective intervenor must show, in relevant part, that 1) it has an interest relating to the property or transaction which is the subject of the action, 2) it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and 3) existing parties do not adequately protect that interest. Fed. R. Civ. P. 24(a)(2).

The Tenth Circuit Court of Appeals has not directly addressed the issue presently before the Court regarding a liability insurer's right to intervene in litigation against its insured. However, two district judges in the District of New Mexico have held that an insurer may not intervene as of right under Rule 24(a)(2) in litigation involving its insured in order to determine issues of coverage and

duty to defend.  In *Nieto v. Kapoor*, 61 F.Supp.2d 1177, 1193 (D.N.M. 1999), Judge Martha Vázquez extensively analyzed the rather scant federal precedents on this issue and determined that an insurer's interest in the outcome of litigation against its insured (for whom it denies coverage and a duty to defend) is contingent, rather than direct.  *Nieto*, 61 F.Supp.2d at 1194 (relying on *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2nd Cir. 1984) and *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989)).  As the Tenth Circuit has held, the interest required for as-of-right intervention must be "direct, substantial, and legally protectable."  *Coalition of Arizona/New Mexico Counties v. Dept. of Interior*, 100 F.3d 837, 840 (10th Cir. 1996).  Thus, Judge Vázquez denied intervention under Rule 24(a).  Similarly, in *An v. Regents of the University of California*, Civ. No. 00-147 JP/WWD (D.N.M. Dec. 7, 2000) (unpublished slip opinion), Judge James A. Parker followed Judge Vázquez' reasoning in *Nieto* and denied an insurer's motion to intervene as of right in order to adjudicate coverage issues.  *Id*. at p. 2.  Finding the reasoning in these two prior cases to be sound, the Court determines that Evanston should not be permitted to intervene as of right in this litigation.

The Court's finding on intervention as of right is not entirely determinative of the issue, however.  The *Restor-A-Dent* court candidly noted that refusal to find a right to intervene under Rule 24(a) still left open a possibility in an appropriate case of permissive intervention by an insurer under Rule 24(b).  725 F.2d at 876.  *Accord Dingwell*, 884 F.2d at 640.  For permissive intervention, a party may intervene when its "claim or defense and the main action have a question of law or fact in common," Fed. R. Civ. P. 24(b), with the court also considering "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id*.  This Court has broad discretion in determining whether a party should be permitted to intervene under Rule 24(b).  *Restor-*

*A-Dent*, 725 F.2d at 876.

In this case, there is a common question of fact between the main action between the Plaintiffs and Defendants on the one hand, and Evanston's declaratory judgment claims on the other. The insurance policy in question covers "personal injury," which it defines to include "libel, slander or other forms of defamation." Plaintiffs have asserted a claim against Bradshaw for defamation. According to Evanston, there are unresolved factual issues relating to the defamation claim which will impact the determination of both liability and coverage, an argument not contested by Bradshaw. Accordingly, the first prong of the test is satisfied.

Furthermore, the Court finds no undue delay or prejudice to the parties as a result of Evanston's intervention. Evanston has agreed to be bound by existing pretrial deadlines, and therefore its intervention will not delay the progression of the litigation. In addition, Evanston's intervention will cause no undue prejudice to any of the existing parties. This case presents a fairly unusual situation in that both Plaintiffs and Defendant Bradshaw claim to be entitled to coverage and a defense under the same policy issued by the same insurer, and the insurer is denying coverage and a duty to defend to all parties. Thus, the insurer is adverse to both Plaintiffs and Defendant Bradshaw, and is not aligned with one party against the other. In that regard, the case is unlike *Nieto*, where both the insurer and the plaintiff had an interest in proving that the conduct of the insured defendant was willful, and therefore outside the policy's coverage. 61 F.Supp.2d at 1195. Also, there is very little risk that Evanston will interfere with Bradshaw's ability to defend the claims against him, because he has independent counsel of his own choosing. Although it is true that currently Evanston is paying Bradshaw's attorney's fees, Bradshaw has neither alleged nor proven that Evanston is making substantive decisions regarding the case or otherwise interfering with his

attorney's litigation strategy. *Cf. Restor-A-Dent*, 725 F.2d at 877 (noting the existence of a potential conflict of interest for the attorney *supplied by* the insurer to represent the defendant insured in action for which insurer denied coverage).

Finally, the risk of prejudice to any of the parties as a result of Evanston's intervention is substantially lower because this is a non-jury case. Accordingly, concerns regarding the insurer's role at trial and the resulting impact upon the minds of the jury—concerns expressed by the courts in *Nieto*, 61 F.Supp.2d at 1195, and *Plough, Inc. v. Int'l Flavors and Fragrances, Inc.*, 96 F.R.D. 136, 137 (W.D. Tenn. 1982)—are not present here. In fact, this procedure will allow for the prompt and efficient disposition of coverage and defense issues, to the benefit of all parties. Bradshaw suggests that Evanston should be required to file a separate declaratory judgment action in this district, which case should be transferred to the undersigned district judge for adjudication alongside the present action. In this instance, however, such a procedure will only consume additional court resources and will add little or no benefit.

In accordance with the foregoing, the Court exercises its discretion to permit Evanston to intervene in this action.

IT IS THEREFORE ORDERED that Evanston's *Amended Motion to Intervene* [Doc. No. 20] is GRANTED.

UNITED STATES DISTRICT JUDGE